**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **J.G., T.B., L.S., M.S., and Z.B.**

**No. 22-0322** (Lewis County 21-JA-49, 21-JA-54, 21-JA-55, 21-JA-56, and 21-JA-57)


### MEMORANDUM DECISION


Petitioner Father E.B.[1] appeals the Circuit Court of Lewis County's April 11, 2022, order terminating his parental and custodial rights to J.G., T.B., L.S., M.S., and Z.B.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R.A.P. 21.

In May of 2021, the DHHR filed an amended petition alleging that petitioner engaged in domestic violence in the children's presence and educationally neglected T.B.,[3] among other allegations. The circuit court then held four adjudicatory hearings over a period of three months. Critically, in petitioner's own testimony he (1) admitted to permitting T.G., the mother of J.G., L.S., and M.S., to watch his children when he knew she was under the influence of drugs; (2) admitted to abusing drugs with that same mother, including using marijuana "every few hours" on a daily basis; (3) claimed that being under the influence while caring for his children was not a problem; and (4) denied methamphetamine use, despite a positive hair follicle test. According to the record, the court "made an observation and finding that [petitioner was] extremely paranoid and agitated during the proceeding."

Among the other witnesses, the court heard from the individual who administered petitioner's drug screens, who confirmed that petitioner tested positive for marijuana on multiple occasions and positive for methamphetamine once. The court also heard testimony concerning T.B.'s truancy, in addition to testimony from petitioner's witnesses concerning their observations

---

[1]Petitioner appears by counsel Brian W. Bailey. The West Virginia Department of Health and Human Resources appears by counsel Patrick Morrisey and Katica Ribel. Melissa T. Roman appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e).

[3]Petitioner is not the biological father of J.G., L.S., or M.S. However, the circuit court found that he was a custodian of those children.

of his parenting. Finally, forensic interviews with several of the children were entered into the record. Two of the children described witnessing petitioner perpetrate domestic violence. Nine-year-old J.G. indicated that petitioner picked his mother up and threw her against a door and then threatened to "blow up the house and kill" the child. J.G. also disclosed witnessing three or four physical fights between petitioner and another family member.

Based on this evidence, the court concluded that petitioner enrolled T.B. in virtual school but failed to assure that the child attended either electronically or by obtaining physical paper packets provided by the school. The court also found that petitioner's educational neglect was the result, in part, of his "continual drug use." Regarding petitioner's failed drug screens, the court concluded that petitioner's testimony that he did not abuse methamphetamine lacked credibility. The court also found that petitioner admitted to abusing drugs while caring for the children and permitting T.G. to care for the children while T.G. was under the influence. The court also concluded that petitioner committed domestic violence in the children's presence, committed domestic violence upon J.G., and threatened to kill several of the children. As such, the court adjudicated petitioner as an abusing and neglecting parent.

As petitioner does not challenge the termination of his parental rights, it is sufficient to note that his parental and custodial rights were terminated following a dispositional hearing in March of 2022.[4] Following disposition, the guardian requested that the circuit court enter an order prohibiting petitioner from contacting the children, given, among other things, his past history of disregarding court orders. The court granted the request and, by order entered on April 11, 2022, restrained petitioner from contacting the children, among other restrictions. It is from the April 11, 2022, dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner's first assignment of error concerns his adjudication of abusing and neglecting the children. It is unnecessary to belabor petitioner's extended arguments, however, because he attacks them on the basis of the weight the court afforded certain evidence and the credibility determinations it made, which cannot entitle him to relief. For example, petitioner spends a significant portion of his brief outlining testimony from himself and T.G. in which both parents deny that domestic violence occurred in the home. In basing his argument on this evidence, petitioner discounts the other voluminous evidence that domestic violence between multiple family members occurred on many occasions in the children's presence and that petitioner perpetrated domestic violence upon at least one child. What petitioner fails to recognize in advancing these arguments is that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.

---

[4]All parents' parental rights to the children were terminated below. The permanency plan for T.B. is adoption by a relative upon completion of a program designed to address T.B.'s anger management. The permanency plan for the remaining children is adoption in their current placements.

Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). As such, petitioner cannot be entitled to relief in this regard. Further, petitioner attacks his adjudication for substance abuse and educational neglect in the same manner, rendering these arguments meritless as well.

Simply put, the evidence overwhelmingly supports petitioner's adjudication under a clear and convincing standard. *See* W. Va. Code § 49-4-601(i) (requiring a circuit court to find, "by clear and convincing evidence," that a parent has abused and/or neglected a child at the conclusion of the adjudicatory hearing); *In re F.S.*, 233 W. Va. 538, 546, 759 S.E.2d 769, 777 (2014) (explaining that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established"). While petitioner attacks the circuit court's "sprawling" findings on appeal, the fact remains that the lengthy, detailed adjudicatory order contains *several* issues for which petitioner was properly adjudicated. That petitioner does not agree with these findings or believes other evidence was more compelling is simply insufficient to entitle him to relief. Because the circuit court was presented with extensive evidence that petitioner engaged in domestic violence in the children's presence, including perpetrating domestic violence upon J.G.; abused drugs while, *by his own admission*, caring for the children; neglected T.B.'s education due, in part, to his chronic, heavy drug use; and threatened to kill several of the children, we find no error in the circuit court adjudicating petitioner of abuse and neglect. *See* W. Va. Code § 49-1-201 (defining "abused child," in part, as one who is harmed or threatened by a parent who "intentionally inflicts . . . physical . . . injury. . . upon the child or another child in the home," and defining "neglected child," in part, as one who is harmed or threatened by a parent's "failure . . . to supply the child with necessary . . . supervision . . . or education").

Finally, petitioner argues that the circuit court erred in restraining his contact with the children and imposing certain limitations concerning his proximity to them. Again, it is unnecessary to address petitioner's specific arguments on appeal because he ignores controlling authority permitting a circuit court to do the very thing of which he complains. Specifically, Rule 36(c)(3) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings permits a circuit court to include in the dispositional order "[r]estraining orders controlling the conduct of any party who is likely to frustrate the dispositional order." Although the circuit court did not include this relief in its dispositional order, it did include it in an order entered the same day as the dispositional order. On that record, we decline to find any violation of Rule 36, as the form here was essentially that contemplated by the rule. Petitioner's argument that his due process rights were violated by his inability to contest this ruling lacks merit, as the circuit court was within its right to impose this restriction as part of the dispositional process, in which petitioner fully participated. As such, petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 11, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 26, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn